THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEOPLES BANK,

    Plaintiff,

    v.

F/V ERIN CARROLL, WN Registration No. WN85212SB, *in rem*, *et al.*,

    Defendants.

CASE NO. C20-0150-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for an order appointing substitute custodian (Dkt. No. 4). Having considered the relevant record, the Court GRANTS the motion.

Plaintiff represents as follows:

1. On January 30, 2020, Plaintiff filed its verified Complaint herein, requesting that the vessel F/V ERIN CARROLL, WN Registration No. WN85212SB (the "Vessel"), its engines, machinery, and other appurtenances, including SQUID PERMIT #SVT076 and PELAGIC PERMIT #54, etc., be condemned and sold to pay Plaintiff's claims and for other proper relief.

2. It is anticipated that the Clerk will be authorized by the Court to issue an arrest warrant commanding the United States Marshal for the Western District of Washington to arrest and take the Vessel into custody and to detain it in custody until further order of the Court.

3. It is contemplated that the Marshal will seize the Vessel forthwith. Custody by the Marshal requires the services of one or more keepers at a charge of at least $1,200.00 per day per keeper, not including charges for moorage and the other services usually associated with safekeeping vessels similar to the Vessel.

4. The Vessel is currently moored at Squalicum Harbor Marina in Bellingham, Washington. After arrest, it may be necessary to move the Vessel to the facilities of Marine Lender Services, LLC at 5350 30th Avenue NW, Seattle, Washington, or to other suitable moorage. It may also be necessary to offload any remaining cargo from the Vessel.

5. Plaintiff is agreeable to allowing Marine Lenders Services, LLC to assume the responsibility of safekeeping the Vessel, and Marine Lenders Services, LLC has consented to act as custodian of the Vessel until further order of the Court. Fees and expenses to be charged by Marine Lenders Services, LLC, will be substantially less than the cost of leaving the Vessel in the custody of the Marshal.

6. Buck W. Fowler Jr., managing member by declaration, has stated that Marine Lenders Services, LLC has no interest in the outcome of this lawsuit; can arrange for adequate facilities and supervision for the proper safekeeping of the Vessel; and has obtained the legal liability insurance through Great American (Policy No. CL1932503366) with policy limits of not less than $2,000,000, which is expected to be adequate to respond in damages for loss of or injury to the Vessel resulting from their legal liability or for damages sustained by third parties due to any acts, faults, or negligence of the substitute custodian. Further, in his declaration, Mr. Fowler, on behalf of Marine Lenders Services, LLC, has agreed to accept custody of the Vessel and its equipment in accordance with the terms of this order.

7. In consideration of the Marshal's consent to the appointment of Marine Lenders Services, LLC as substitute custodian, Plaintiff agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel and its equipment, from the time the Marshal transfers custody of the Vessel over to the

Marine Lenders Services, LLC. Plaintiff further agrees to indemnify and hold the United States and the Marshal harmless from any and all claims whatsoever arising out of Marine Lenders Services, LLC's possession and safekeeping of the vehicle.

Given Plaintiff's recitals, the Court ORDERS as follows:

1. Upon the seizure of the Vessel its engines, tackle, and other appurtenances, the Marshal is authorized and directed to surrender custody of the Vessel to Marine Lenders Services, LLC as substitute custodian. Upon such surrender, the Marshall shall be discharged from his or her duties and responsibilities for the safekeeping of the Vessel and held harmless from any and all claims arising out of said custodial services.

2. As substitute custodian, Marine Lenders Services, LLC shall see to and be responsible for the safekeeping of the Vessel. The duties of the substitute custodian shall include, but are not limited to, ensuring that there is adequate and safe moorage for the Vessel. Marine Lenders Services, LLC is not required to have a person on board the Vessel, but an officer or authorized agent of Marine Lenders Services, LLC shall go on board the Vessel from time to time to carry out the duties of substitute custodian. No other person shall be allowed to enter on the Vessel except as provided for herein or as otherwise expressly authorized by order of the Court.

3. The Vessel may be moved by tug or by other safe means from its present moorage to adequate and safe moorage at the facilities of Marine Lenders Services, LLC on the Lake Washington Ship Canal, Seattle, Washington, or to another suitable location. Marine Lenders Services, LLC shall notify the Marshal's office that the Vessel is to be moved and shall again notify the office of the Marshal's office when the Vessel has been moved. Once the Vessel has been moved to the facilities of Marine Lenders Services, LLC or to another suitable location, the Vessel shall not be moved again without further order of the Court.

4. Marine Lenders Services, LLC may, if necessary, offload any cargo aboard the Vessel and arrange for storage of the same at a suitable storage facility. The Marine Lenders

Services, LLC shall notify the Marshal's office prior to engaging in any such offloading of cargo and shall again notify the Marshal's office upon the completion of any such offloading.

5. Marine Lenders Services, LLC may with Plaintiff's approval permit the Vessel to conduct normal operations, including fueling, loading, discharging, cargo handling, repairs, and vessel movement within the District, at the risk and expense of the Vessel's interests. Marine Lenders Services, LLC shall ensure that any operations of the Vessel that are conducted are normal port operations—*i.e.*, normal cargo operations, both discharging and loading, repair work, fueling, and vessel movement—and that the Vessel always remains within the waters of the Western District of Washington, unless and until otherwise ordered by the Court. Marine Lenders Services, LLC shall notify the Marshal's office prior to engaging in any such loading, fueling, and vessel movement and shall again notify the Marshal's office upon the completion of such activity.

6. Marine Lenders Services, LLC may, if necessary, offload any fuel and arrange for disposal of the same. Marine Lenders Services, LLC shall notify the Marshal's office prior to engaging in any such offloading and again upon the completion of any such offloading.

7. Marine Lenders Services, LLC may, but is not required to, retain a marine engineer familiar with the Vessel and take him or her on board the Vessel with authorized agents of Marine Lenders Services, LLC to assist in the securing of the Vessel.

8. Marine Lenders Services, LLC may, but is not required to, remove electronic equipment on board the Vessel if that equipment can be removed easily without damage to the Vessel. Any removed equipment must be stored safely and securely pending further order of the Court.

9. Marine Lenders Services, LLC may, but is not required to, retain such services as are necessary to clean the interior and/or exterior of the Vessel. Such services must be performed under Marine Lenders Services, LLC's supervision.

10. Plaintiff shall arrange to pay charges for moorage of the vessel and for the fees,

1 costs, and legal liability insurance premiums of Marine Lenders Services, LLC. Plaintiff shall also reimburse Marine Lenders Services, LLC for other costs that may be incurred in conducting an inventory of the equipment on board, in securing the Vessel, in having the Vessel cleaned, in moving the Vessel, and/or in offloading any cargo or fuel from the Vessel.

11. Subject to final approval by the Court, all fees, costs, and expenses incurred by Plaintiff or Marine Lenders Services, LLC pursuant to the terms of this order shall be deemed administrative expenses of the Marshal.

12. Plaintiff's attorney shall send copies of this order by certified mail, return receipt requested, to the owner of the Vessel at the last address known to Plaintiff and to the address shown on the record of the United States Coast Guard.

DATED this 31st day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE