THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEOPLES BANK, | CASE NO. C20-0150-JCC |
| Plaintiff, | ORDER |
| v. | |
| F/V ERIN CARROLL, WN Registration No. WN85212SB, *in rem*; SQUID PERMIT #SVT076, *in rem*; PELAGIC PERMIT #54, *in rem*; and ERIN CARROLL LLC, *in personam*, | |
| Defendants. | |

This matter comes before the Court on the parties' stipulated motion for an order authorizing extensive vessel inspections and movement of the vessel (Dkt. No. 28). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion and ORDERS as follows:

1.  Prospective purchasers of the defendant vessel F/V ERIN CARROLL, WN Registration No. WN85212SB (the "Vessel") and, if requested, their designated marine surveyors, may be allowed reasonable access to the Vessel for purposes of conducting inspections, surveys by marine surveyors, sampling of the lubricating oils of the vessel's engines, reduction gears, generators, and other rotating machinery for chemical analysis, and operation of

the vessel's engines and other machinery in the course of conducting such inspections, pursuant to the terms and conditions set forth below.

2. If requested by a prospective purchaser that has entered into an agreement for the purchase of Vessel, and at the prospective purchaser's expense, the Vessel may be moved from its current moorage to a facility located within the Port of Bellingham, Washington, where the Vessel may be hauled out of the water for purpose of inspection.

3. All such inspections, surveys, samplings, operation of engines and machinery, vessel movements, and haul-outs shall be conducted under the supervision of the Substitute Custodian, Marine Lenders Service, LLC, at such times and location, and by such individuals, as may be approved by, and arranged in advance with, the substitute custodian. The costs of the substitute custodian's services for such activities, if not paid by the prospective purchaser of the Vessel, shall be the responsibility of the *in personam* defendant and shall be deemed *custodia legis* cost in these proceedings.

4. Prior to any person being allowed access to the Vessel, the *in personam* defendant shall provide to Plaintiff's counsel, the Substitute Custodian, and the U.S. Marshal evidence of current Hull & Machinery, Protection & Indemnity, and pollution insurance in respect to the Vessel on terms and with underwriters reasonably acceptable to Plaintiff's counsel and the U.S. Marshal.

5. Any and all persons boarding any of the Vessel for any purpose must first provide to the aforesaid Substitute Custodian a properly executed release in the form of the attached Exhibit A.

6. No papers, equipment, supplies or other materials, with the exception of oil samples, may be removed from the Vessel except upon the prior written approval of the Substitute Custodian or Plaintiff's counsel.

   7. In the event that the Vessel is hauled out of the water for inspection and the prospective purchaser does not elect to buy the Vessel after inspection, the Substitute Custodian may elect to arrange for the storage of the Vessel out of the water at the haul-out facility.

   8. This Order supersedes any provision of the Court's earlier Stipulation and Order Authorizing Vessel Inspections and Remove of Crew Person Effects only to the extent that any provision of such earlier order is inconsistent with the provisions of this Order.

   DATED this 23rd day of December 2020.

                    [signature]

                    John C. Coughenour
                    UNITED STATES DISTRICT JUDGE

# EXHIBIT A
# WAIVER OF AND RELEASE FROM LIABILITY

Each of the undersigned, in consideration of being permitted to board the vessel F/V ERIN CARROLL, WN Registration No. WN85212SB, for the purposes of inspection and/or survey, retrieving crew personals, does agree to and does herby waive his/her rights whatever arising from any possible injury, illness, and/or death to him/her which may result from going onto, or off of, and being on board the vessels for such purpose.

The undersigned understands and agrees that his/her execution hereof constitutes a full release from any and all liability for any injury, illness and/or death, and any and all damages arising from his/her going onto, or off of, and being aboard the vessels. This release of liability extends to the benefit of:

1. Peoples Bank (plaintiff), and its agents, employees and interested underwriters;

2. Marine Lenders Services, LLC, Substitute Custodian, and its agents, employees and interested underwriters;

3. The vessel F/V ERIN CARROLL, WN Registration No. WN85212SB, its engines, machinery and appurtenances and its interested underwriters; and

4. The U.S. Government and the U.S. Marshals Service, their agents and employees

The undersigned understands and agrees that he/she shall be liable for any damage to the aforesaid vessel, including, but not limited to, its hulls, engines, machinery, appurtenances, furnishings, cargo etc., arising out of any actions or activities of any nature undertaken by him/her in relation to his/her boarding the vessel, such liability to attach to him/her whether such actions or activities are negligent or not and whether the actions or activities of Marine Lenders Services, LLC and its agents and employees are negligent or not.

The undersigned further understands and agrees that the terms and conditions of this Waiver of and Release from Liability extends to and are binding upon his/her heirs, assigns, and administrators.

**I HAVE READ THE FOREGOING WAIVER OF AND RELEASE FROM LIABILITY AND FULLY UNDERSTAND ITS CONTENTS.**

_____    _____
Signature                                                                         Date
_____
Printed Name
_____
Address
_____
Phone Number